

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------X
CAROLYN HICKS-WASHINGTON,         :
                                  :
              Plaintiff,          :
                                  :
    v.                            :      18 Civ. 61662-MORENO/SELTZER
                                  :
The HOUSING AUTHORITY OF THE      :
CITY OF FORT LAUDERDALE,          :
                                  :
              Defendant.          :
-------------------------------------------------------X
```

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. CIV. P. 34

Pursuant to Fed. R. Civ. P. 34, pro se Plaintiff Carolyn Hicks-Washington serves the following request for production of documents upon the Defendant. Your response is due no later than Monday, November 26, 2018.

### INSTRUCTIONS FOR ANSWERING:

1. You are required, in responding to this request to obtain and furnish all information available to you and any of your representatives, employees, agents, brokers, servants, or attorneys and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents, servants, or attorneys.

2. Each request which seeks information relating in any way to communications, to, from, or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.

3. Each request should be responded to separately. However, a document which is the response to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

4. All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive. Where required by a particular paragraph of this Request, documents produced shall be further segregated and identified as indicated in this paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

5. If you object to part of any request, please furnish documents responsive to the remainder of the request.

6. Each request refers to all documents that are either known by the Defendant to exist or that can be located or discovered by reasonably diligent efforts of the Defendant.

7. The documents produced in response to this Request shall include all attachments and enclosures.

8. The documents requested for production include those in the possession, custody, or control of Defendant, its agents, representatives or attorneys.

9. References to the singular include the plural.

10. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

11. Please note that the Defendant, pursuant to Fed R Civ P 26(e), is under a continuing duty to reasonably supplement the production with documents obtained subsequent to the preparation and filing of a response to each request.

12. All documents called for by this request or related to this request, for which the Defendant claims a privilege or statutory authority as a ground for nonproduction shall be listed chronologically as follows:

   a. The place, date, and manner of recording or otherwise preparing the document;
   b. The name and title of the sender;
   c. The identity of each person or persons *(other than stenographic or clerical assistants)* participating in the preparation of the document;
   d. The identity and title with defendant[s], if any, or the person or persons supplying defendants' attorneys with the information requested above;
   e. The identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of said communication, and the employer and title of said person at the time of said communication;
   f. Type of document;
   g. Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and
   h. Factual and legal basis for claim, privilege or specific statutory or regulatory authority which provides the claimed ground for nonproduction.

13. Each request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or in directly, the control of the party to whom this request is addressed. In addition, each request should be considered as including a request for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

14. All documents produced in response to this Request shall be produced in toto notwithstanding the fact that portions thereof may contain information not requested.

15. If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter.

16. Where exact information cannot be furnished, estimated information is to be supplied to the extent possible. Where estimation is used, it should be so indicated, and an explanation should be given as to the basis on which the estimate was made and the reason exact information cannot be furnished.

17. With respect to any document requested which was once in possession, custody or control, but no longer is, please indicate the date the document ceased to be in possession, custody, or control, the manner in which it is ceased, and the name and address of its present custodian.

18. Unless otherwise indicated, each request is to be construed as encompassing all documents which pertain to the stated subject matter and to events which transpired between the dates of Mrs. Washington's employment with the HACFL up to the present.

19. Production can be accomplished by mailing the documents within the rule time to Carolyn Hicks-Washington at 3613 Lime Hill Road, Lauderhill, Florida 33319.

## DEFINITIONS:

1. "You," "your" and "yourself" refer to the party to whom the following requests are addressed, and its agents, representatives, officers, directors, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, area and regional offices and employees, including persons or entities outside of the United States.

2. "Person" means natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity.

3. "Identify" means when used in reference to:

   a. A *document,* to state separately:
      (1) Its description (e.g. letter, report, memorandum, etc.),
      (2) Its date,
      (3) Its subject matter,
      (4) The identity of each author or signer,
      (5) Its present location and the identity of its custodian;

   b. An *oral* statement, communication, conference or conversation, to state separately:
      (1) Its date and the place where it occurred,
      (2) Its substance,
      (3) The identity of each person participating in the communication or conversation, and
      (4) The identity of all notes, memoranda or other documents memorializing, referring to or relating to the subject matter of the statement;

   c. A *natural person or persons,* to state separately:
      (1) The full name of each such person,
      (2) His or her present, or last known business address and his or her present or last known residential address, and
      (3) The employer of the person at the time to which the interrogatory answer is directed and the person's title or position at that time;

   d. An *organization or entity* other than a natural person (e.g., a company, corporation, firm, association, or partnership), to state separately:
      (1) The full name and type of organization or entity,
      (2) The date and state of organization or incorporation,
      (3) The address of each of its principal places of business, and

[3]

        (4) The nature of the business conducted.

4. "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.

5. "Document" or "documents" includes without limitation any written, electronic, typed, printed, recorded, or graphic matter, however preserved, produced, or reproduced, of any type or description, regardless of origin or location, including without limitation any binder, cover note, certificate, letter, correspondence, electronic mail (e-mail), record, table, chart, analysis, graph, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to, inter-office and intra-office communications), questionnaire, bill, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, computer or data processing card, computer or data processing disk, computer-generated matter, photograph, photographic negative, phonograph recording, transcript or log of an such recording, projection, videotape, film, microfiche, and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person. If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each nonidentical copy as a separate document.

6. "Relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

7. "Claim" means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, or the cessation of action.

8. "Consulted" or "contracted" means any form of communication, e.g., oral statements, telephonic conversations or other mechanical communications or any other type of communication including written letters or documents.

9. "Defendant" means the Housing Authority of the City of Fort Lauderdale ("HACFL"), its subsidiaries, divisions, parent company, and holding company (if any) and the directors, officers, employees, agents, representatives, and others known to you to have acted on their respective behalf.

10. "Management" or "manage" includes any act of directing, conducting, administering, controlling, or handling an identified function or duty.

11. "During the relevant time period" shall mean a period of five years before and three years after the date of Mrs. Washington's termination.

12. "Any" shall also mean "all" and vice versa.

13. "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

## REQUESTS:

### General

1. All documents identifying the nature of the Defendant's operations and the organizational structure of the Defendant, including the owners, directors, and all others who have any responsibility for the development of policy.

2. All organizational charts, personnel charts, descriptions, lists, tables, flow charts or other similar documents in the possession of the Defendant that show the identities, titles or responsibilities of each person responsible in any manner for personnel, recruitment, hiring, selection, training, disciplining, demoting, terminating or accommodating any disability.

3. Any and all documents which were required to be filed or were filed with any state or federal agency dealing with race, color, sex, age or national origin of employees.

4. All documents which indicate the breakdown of the workforce by each of the following characteristics: name, date of hire, rate of pay, date of birth, sex, national origin or religion of employees during Plaintiff's employment up to the present.

### Policies & Procedures

5. All documents, speeches, articles, or publications by the Defendant, his employees, and his agents that refer or relate to discrimination based on race, color, religion, age, sex, disability or any other characteristic.

9. All manuals, handbooks, policies, procedures, notices, or directives issued by the defendant, pertaining to:
    a. Discipline,
    b. Demotion,
    c. Transfer,
    d. Layoff,
    e. Discharge.

6. All manuals, handbooks, policies, procedures, notices, or directives issued by the Defendant, pertaining to:
    a. Compensation,
    b. Fringe benefits,
    c. Bonus pay,
    d. Merit raises,
    e. Incentives.

7. All manuals, handbooks, policies, procedures, notices or directives issued by the defendant, pertaining to:
    a. Recruitment,
    b. Selection and hiring,
    c. Objective testing,
    d. Subjective evaluation,
    e. Position requirements,
    f. Job posting,

   g. Job assignment,
   h. Seniority system,
   i. Training programs or skill acquisition opportunities,
   j. Promotion.

8. All manuals, handbooks, notices, or directives issued by the Defendant, pertaining to supervisory responsibilities.

9. All manuals, handbooks, notices, or directives issued by the defendant, pertaining to the maintenance of a safe, nondiscriminatory and non-hostile work environment.

10. Any and all documents pertaining to job descriptions or job qualifications.

11. Any and all manuals, handbooks, notices, or directives issued by the defendant during the relevant time period pertaining to any form or type of employment-related practice, procedure or policy including hiring, selection, job qualification, discipline, promotion, demotion, layoff or discharge.

12. All other manuals, handbooks, notices or directives relating to the Defendant's policies, procedures or practices that pertain to this legal action and that are not described above.

## Employment Records

13. The complete files relating to the Plaintiff, including, but not limited to the Plaintiff's personnel file, the records pertaining to duties, salary, promotions, evaluations, discipline, benefits, discharge, layoff and retirement.

14. The personnel files of each person who replaced the Plaintiff and Mrs. Lopez for the Director and Intake Coordinator positions, including, but not limited to records pertaining to duties, salary, promotions, evaluations, discipline, benefits, discharge, layoff and retirement.

15. All documents relating to the Plaintiff's payroll records, earnings records, fringe benefit and overtime records.

16. All documents pertaining to or relating to the Plaintiff's contract of employment with the Defendant or the employment relationship between the Plaintiff and the Defendant.

17. The personnel files of each employee who received the same treatment in activities such as hiring selection, assignment, promotion, demotion, discipline, compensation, termination, layoff or other employment related action which the plaintiff contends are discriminatory.

18. The personnel files of each employee who is or was in a similar job description, had similar or comparable duties, or received compensation comparable to that of the Plaintiff.

19. Any and all documents concerning the HACFL's rehiring of Anita Flores for the third time, in or around the date of Mrs. Washington's termination.

20. All other documents relating to the Plaintiff's personnel file and employment with Defendant that pertain to this legal action and that are not described above.

21. All studies, reports, or analysis done by internal staff, consultants, government agencies, or others related to any and all employment practice, policy, procedure, or statistic of the Defendant.

22. Any and all documents from the HACFL's board of directors' meetings concerning Mrs. Washington's complaint of discrimination.

### Mrs. Washington's Management Style

23. All documents authored by members of upper management, including Tam English, Mike Tadros, Veronica Lopez and Andrea Ayala, about Mrs. Washington's management style.

24. All documents authored by members of upper management, including Tam English, Mike Tadros and Andrea Ayala, about Mrs. Lopez's management style.

25. All documents authored by members of upper management, including Tam English, Mike Tadros, Veronica Lopez and Andrea Ayala, accusing Mrs. Washington and/or Mrs. Lopez of being responsible for the company's high rate of turnover.

26. Any and all letters, notes, memoranda, and records of any kind including adverse, negative, or favorable comments concerning the plaintiff during the relevant time period.

27. A copy of all warnings provided to Mrs. Washington by the HACFL regarding her "oppressive" and "harsh" management style.

### Tam English's Racially-Biased, Subjective Decision-making

28. A list of the names of all individuals who were directly hired by Tam English since becoming CEO of the HACFL for positions that were not publicly posted. Provide information about the individual's race, sex, date of birth and whether the job was posted publicly or not.

29. All documents which indicate the breakdown of the applicant pool by the following characteristics: name, qualifications, date of application, position applied for and its rate of pay, date of birth, sex, national origin or religion of employees during Plaintiff's employment up to the present.

30. All documents which indicate the breakdown of the Defendant's employment market pool by the following characteristics: name, qualifications, date of application, position applied for and its rate of pay, date of birth, sex, national origin or religion of employees at the present time and at the time of Plaintiff's employment.

31. Any and all documents concerning the termination of HACFL's former CEO, Philip Goombs.

32. Any and all documents concerning the termination of the HACFL's former Director of Maintenance & StepUp, Noel Graham.

33. All documents detailing any diversity trainings, seminars, events, etc. Tam English has attended during his employment as CEO of the HACFL.

### High Rate of Turnover

34. A list of all employees who quit and/or were terminated from the HACFL post-Mrs. Washington's termination, including job title, date of departure, race, sex and salary.

35. All Exit Interviews of all HACFL staff assigned to Laura Valdes, Anthony Moten, Scott Strawbridge, Anita Flores, Raquel Brutus-Thomas.

36. All documents detailing the turnover rate of the HACFL post-Mrs. Washington's termination, including Director of Assisted Housing Voucher Choice program.

### "Succession Planning"

37. All documents regarding to the HACFL and English's "succession planning."

38. Any and all documents in which Tam English mentions or discusses Mrs. Washington and/or Mrs. Lopez's age in regards to "succession planning."

### Mrs. Washington's Termination

39. Any and all documents from Tam English regarding Mrs. Washington's termination.
40. Any and all documents from Mike Tadros regarding Mrs. Washington's termination.
41. Any and all documents from Andrea Ayala regarding Mrs. Washington's termination.
42. Any and all documents used by the HACFL to support Mrs. Washington's termination.

### Barbara Baer

43. All written correspondence between Barbara Baer and Mike Tadros during Mrs. Washington's term of employment.
44. All written correspondence between Barbara Baer and Tam English during Mrs. Washington's term of employment.
45. All documents concerning the hiring of Barbara Baer.
46. All documents concerning the abrupt termination of Barbara Baer.

### Beatriz Cuenca-Barberio

47. Any and all documents detailing communication between the Defendant and the Miami Beach Community Development Corporation regarding filling the Director of Housing Choice Voucher program position in or around the termination of Mrs. Washington and Mrs. Lopez.
48. Any and all documents concerning Beatriz Cuenca-Barberio's hiring as the Interim Director of the Housing Choice Voucher program in or around December 1, 2015, as well as her exit from the company a few months later.

### Medina Johnson

49. Any and all documents concerning Medina Johnson's hiring as the Director of the Housing Choice Voucher program in or around February 6, 2016, as well as her exit from the company.

### Anita Flores

50. The entire personnel file of Anita Flores, beginning from the first time she was hired (she's been hired by the HACFL three times). Any and all documents concerning Anita Flores' destruction of HACFL's property in or around the time of her second exit from the company.
51. All written correspondence between the HACFL and Anita Flores in the discussion of rehiring Flores for the third time.
52. Any and all documents concerning Medina Johnson's hiring as the Director of Housing Choice Voucher program in or around February 6, 2016, as well as her exit from the company.

### Financial Information

53. All documents reflecting all insurance policies and/or insurance coverage which Defendant has or has had for any liability arising from employment practices.

54. All documents relating to the balance sheet reflecting the assets and liabilities and net worth of the Defendant including 10-K statements and Annual Reports.

### Past & Present Litigation

55. All documents related to the defendant's efforts to prevent employment discrimination in the workplace including those made by the defendant in an effort to comply with state and federal laws or regulations relating to the maintenance of a nondiscriminatory environment.

56. All documents, including any memos, pertaining to any meetings, discussions, encounters, and/or conversations, whether private or public that the defendant or any agents or employee of the Defendant had with the Plaintiff.

57. All documents pertaining to any meetings, discussions, encounters, and/or conversations, whether private or public that the defendant or any agent or employee of the Defendant had regarding the Plaintiff.

58. All documents reflecting all communications made to any of the Defendant's employees and/or in response to inquiries pertaining to the plaintiff's employment relationship, work performance or other employment-related circumstances.

59. All documents relating to any complaints of discrimination or harassment committed by the Defendant, his employees, agents, residents or others.

60. All documents relating to any claims or charges filed by any persons against the Defendant with the Equal Employment Opportunity Commission, the Office of Federal Contract Compliance Programs, any other federal program, or any state or municipal agency dealing with race, color, sex, age, national origin, religion or disability discrimination.

61. Copies of any and all documents regarding any claims filed in any state or federal court against the Defendant concerning discrimination in employment.

62. All documents concerning the board of director's investigation(s) of any complaint(s) about the Plaintiff or made by the Plaintiff, if relevant to the Plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged.

63. All documents which you intend to introduce into evidence at the trial of this case or may be used to refresh the recollections of witnesses at depositions or trial.

64. All documents containing statistical data relied on by the Defendant.

65. All statements and memos relating to witnesses or potential witnesses or persons contacted in connection with this case.

66. All documents which the Defendant contends support the defenses asserted in the Defendant's answer or that relate to any claims asserted by the Defendant to the EEOC or in their motions seeking dismissal and/or judgment.

67. All other documents in the possession of the Defendant that pertain to this legal action and that are not described above.

### CONCLUSION

In the event that the Defendant and its counsel fail to comply with the Plaintiff's discovery requests in good faith, Mrs. Washington would like to put in writing that she would also like to schedule a date to visit the

HACFL's premises to inspect hard drives and make photo copies of relevant documents, no later than **Friday, December 7, 2018**.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by email on this 26th day of October, 2018, on all counsel or parties of record listed below:

J. Scott Kirk (skirk@rumberger.com)
LaShawnda K. Jackson (ljackson@rumberger.com)
Rumberger Kirk & Caldwell LLP
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Orlando, Florida 32801
*(Attorney for Defendant)*

Dated: Lauderhill, Florida
October 26, 2018

Respectfully submitted,

By: _____
Carolyn Hicks-Washington
*Pro Se* Litigant

3613 Lime Hill Road
Lauderhill, Florida 33319
(252) 673-0834
chwash20031@yahoo.com