UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61662-CIV-MORENO/SELTZER

CAROLYN HICKS-WASHINGTON,

    Plaintiff,

vs.

THE HOUSING AUTHORITY OF THE
CITY OF FORT LAUDERDALE and
TAM ENGLISH,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before the Court pursuant to Plaintiff's Joint Motion to Comply with Discovery Requests & Compel Production of Documents & Answers to Interrogatories and Motion for Sanctions for Defendant's Intentional Discovery Abuses [DE 27]. The District Court has referred all pretrial matters to the undersigned for appropriate disposition in accordance with 28 U.S.C. § 636(b) and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida [DE 6] .

This is an employment discrimination action in which Plaintiff Carolyn Hicks-Washington ("Plaintiff") alleges that she was discriminated against by her employer on the basis of her age, race, and gender. Currently pending is Defendant's Motion to Dismiss [DE 14] the claims of race and gender discrimination.

Plaintiff seeks a plethora of relief in the current Motion, some of which are summarized on page 15 of the Motion [DE 27]:

1. Stay discovery and decide the pending procedural motions presently before the Court;

2. Extend discovery for two month period after the Court issues Order resolving pending Motions before the Court;

3. Review and approve all discovery requests submitted by the Plaintiff. For requests that are not approved, please provide the Plaintiff with an explanation as to why the request was not approved;

4. Allow the Plaintiff 25 additional interrogatories;

5. As a result of producing no ESI, the Plaintiff asks the Court to shift costs onto the Defendant to pay for the Plaintiff's electronic expert to search the HACFL's hard drives; and

6. Allow depositions of English and Flores and shift the costs onto the Defendant.

Plaintiff also asks that the District Judge decide all issues raised in her Motion because of her disagreement with prior rulings made by the Magistrate Judge in this case and because of the pending Motion to Dismiss (Plaintiff's claims of gender and race discrimination). And, throughout her Motion, Plaintiff raises issues with certain discovery responses provided by Defendant. Plaintiff seeks at least $5 million in sanctions for Defendants' alleged bad faith in responding (or not responding) to her discovery requests. As a final matter, Plaintiff requests that the cost of mediation be shifted to Defendants. Each of the matters is addressed below.

1. <u>Stay of Discovery</u>

Plaintiff requests that discovery be stayed pending resolution of the outstanding Motion to Dismiss, and further, that the discovery period be extended for a period of two months after resolution of the motion. The Order of Referral [DE 6] reserved to the District

Court all matters relating to the Trial Order, and, therefore, the undersigned must defer to the District Court on issues relating to the discovery deadline and a stay of the case. Accordingly, Plaintiff's request to stay and continue discovery will be denied without prejudice with leave to make a separate motion to the District Court.

Plaintiff also requests that the undersigned not rule on the merits of her discovery and sanctions motions because of her disagreement with prior rulings made by the undersigned and because of an alleged inherent racial bias. The undersigned finds that Plaintiff has failed to state a legally supported basis for recusal. See Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1329 (11th Cir. 2002) (rejecting plaintiff's claims that judge was racially biased where record contained no objective evidence to support that assertion). Accordingly, the undersigned will continue to rule on the remainder of Plaintiff's Motion pursuant to the District Court's Order of Referral [DE 6].

2. Request to Review Plaintiff's Discovery Request and Request to Serve More Interrogatories

Plaintiff requests that the Court "review and approve" all of the discovery requests propounded on Defendants and provide an explanation of the basis for each request that is not approved. The Court cannot render such an advisory opinion. Plaintiff's Motion addresses certain of Defendants' discovery responses; the Court will address only those discovery responses specifically raised in Plaintiff's Motion. See Rule 26.1(g)(2), Local Rules for the United States District Court for the Southern District of Florida (stating that movant must separately set forth each discovery request at issue in a motion to compel).

The Court will deny Plaintiff's request to serve an additional 25 interrogatories. Plaintiff has served on Defendants 116 Requests for Admissions, 97 Requests for

Production, and 27 interrogatories [DE 28-1]. The Federal Rules of Civil Procedure limit interrogatories to 25 (including subparts). Fed. R. Civ. P. 33(a)(1). Leave of court may be granted to enlarge the number of interrogatories, but such leave may only be granted if the discovery requested is relevant and proportional to the needs of the case as provided in Fed. R. Civ. P. 26(b)(1) and (2).

The Court is concerned that the volume of discovery and papers filed by Plaintiff in this case[1] exceeds both the spirit and requirement of the Rules of Civil Procedure. Rule 1 provides that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. As for the scope of discovery, Rule 26 provides:

> ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The Court finds that no additional interrogatories are warranted in this matter and will, therefore, deny Plaintiff's request to serve an additional 25 interrogatories.

---

[1] Plaintiff's Amended Complaint [DE 12] totaled 159 pages (including exhibits); Response to Motion to Dismiss [DE 19] totaled 124 pages (including exhibits); Motion for Clarification [DE 20] totaled 124 pages, including exhibits; the present motion totaled 19 pages, plus 151 pages of exhibits [DE 27] [DE 28]; and Reply Memorandum in support of the present motion totaled 136 pages [DE 31].

### 3. ESI Discovery

Plaintiff requests an order authorizing Plaintiff's electronics expert to search Defendant's hard drives and to shift the cost of such a search to Defendants. This request is without limitation and is unsupported by the Federal Rules of Civil Procedure. Defendant has provided Plaintiff with hard copies of its responses to discovery. Plaintiff served no request for ESI discovery. Plaintiff has no basis for having its electronic expert conduct any kind of a search of Defendant's hard drive. This request will be denied.

### 4. Depositions of Tam English and Anita Flores

Plaintiff asks the Court to allow the depositions of Tam English and Anita Flores to be taken and to enter an order compelling Defendants to pay for the costs of the depositions. The Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida set forth in detail the steps that a party must take to notice a deposition and, if necessary, to issue a subpoena to compel attendance at a deposition by a non-party. See Fed. R. Civ. P. 30; Fed. R. Civ. P. 45; and Local Rule 26.1(h) and (i). The Rules also provide for court intervention and/or sanctions when a party or deponent fails to attend a properly noticed depositions. See Fed. R. Civ. P. 37(d); Fed. R. Civ. P. 45(g). Plaintiff has not established any basis for an order compelling depositions or imposing sanctions for failure to appear at a properly noticed deposition. Accordingly, the Court will deny the relief requested regarding the depositions of Tam English and Anita Flores.

### 5. The Cost of Mediation

Plaintiff argues that because her current job pays less than she earned when she worked for Defendant, Defendant should bear the cost of court-ordered mediation. Plaintiff also complains that Defendant will not agree to having Plaintiff's son attend the mediation.

Defendant objects to paying the entire cost of mediation. The District Court's Order of Referral to Mediation [DE 17] instructs that the parties shall bear the cost of mediation equally unless the Court otherwise orders. Plaintiff has not established a valid basis for an order compelling Defendant to pay the entire cost of mediation or for having her son attend the mediation.[2] Accordingly, the Court will deny the relief requested regarding mediation expenses and her son's attendance at the mediation.

    6.    Specific Discovery Responses

The Court will now address the specific discovery requests addressed in Plaintiff's Motion to Compel.

    a.    Request for Production Numbers 59-61: These requests ask for documents and information concerning claims of discrimination made against Defendant HACFL and its employees. Plaintiff objected to Defendant's response because only one other file was produced. Specifically, Plaintiff noted that a former employee named Tanya Walters had filed a claim for discrimination but those records were not produced.

In response, Defendant stated that it conducted a name search and located a complaint (that was later withdrawn) by Tanya Walters and stated that it will produce a copy of those materials to Plaintiff. Accordingly, the Court will grant the motion in part as it relates to these requests and order Defendant to produce the responsive documents as stated in Defendant's Response [DE 30].

---

[2] The Court notes that although Plaintiff's son has been assisting her in this litigation, he is not a lawyer, nor is he a party to this action. His presence at the mediation would violate the confidentiality of the mediation process.

b.  Request for Production Numbers 19, 50, 51, and 52. Request numbers 19, 50, and 51 pertain to records regarding the hiring and employment records of two individuals, Anita Flores and Raquel Brutus-Thomas.  Defendant has produced Anita Flores' Application for Employment, cover letter and resume for Community Manager Position, Bates Numbers HACFL000423 to HACFL000429 in response to Request Number 19.  Defendant objects to producing Ms. Flores' entire personnel file (Request Number 50) as being not relevant and as confidential to Ms. Flores.  Defendant also objects to producing correspondence and documents pertaining to the hiring of Anita Flores for the third time (Request Number 51).

Plaintiff argues that Ms. Flores and Ms. Brutus-Thomas were two individuals who had filed complaints against Plaintiff "that were investigated and rejected by HACFL's human resources personnel."  The Court does not find the employment records of Flores or Brutus-Thomas to be relevant to the claims or defenses in this action.  Additionally, the Court finds that the employment records are confidential to persons who are not parties to this action. Accordingly, the Court will deny Plaintiff's Motion to Compel better responses to Request Numbers 19, 50, 51.

Defendant also objects to Request to Produce No. 52, which seeks documents pertaining to the hiring of Medina Johnson as Director of Housing Choice Voucher program and her exit from the company on the ground that these requests are not relevant and are confidential to Ms. Johnson.   The Court agrees that Medina Johnson's hiring and departure from HACFL are not relevant to the claims or defenses in this case and, accordingly, denies Plaintiff's Motion to Compel better responses to Request Number 52.

c. <u>Interrogatories</u>

In answering many of Plaintiff's Interrogatories, Defendant referred to documents previously produced and referenced specific Bates numbers. This is a method of answering interrogatories authorized by Rule 33(d), Federal Rules of Civil Procedure, which provides:

> **(d) Option to Produce Business Records**. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . . And if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d).

Plaintiff argues that Defendant's reference to in some cases hundred of documents is, essentially, non-responsive to the interrogatories. Rule 33(d) expressly conditions answering interrogatories by reference to documents to instances where "the burden of deriving or ascertaining the answer will be substantially the same for either party." After review of Plaintiff's interrogatories and Defendant's responses thereto [DE 28-1, pp. 41 - 54], the undersigned finds that the burden of ascertaining answers to some of the interrogatories is greater on the Plaintiff and in some instances the burden is equal between the parties. Accordingly, Plaintiff's Motion to Compel will be granted as to Interrogatory Numbers 3, 4, 6, 7, 11, 14, 22, and 23. Plaintiff's Motion to Compel will be denied as to Interrogatory Numbers 2, 10, 12, and 2.

Plaintiff objects to Defendant's answer to interrogatory number 1 because it does not specify the name of the person answering the interrogatories. The interrogatories were directed to an organization, and the organization's answer and verification are proper. Plaintiff's objection to interrogatory answer number 1 is overruled.

Plaintiff objects to Defendant's answer to interrogatory number 13 on the ground that Defendant has not produced financial documents showing the salaries for the people who were offered the Director position. She argues that this information is necessary for her to calculate damages. Defendant argues that the information sought is noy related to Plaintiff's claims that she was terminated because of her race, gender, or age or to HACFL's defense that Plaintiff was terminated because of her harsh management style. The Court does not construe Interrogatory Number 13 to request salary information for subsequent hires, but to the extent that Plaintiff contends it does, the Motion is denied.

### 7. Motion for Sanctions

Plaintiff requests that the Court "issue monetary sanctions in an amount no less than $5,000,000.00" [DE 27, p.17]. Plaintiff alleges in conclusory fashion that Defendant and its attorneys have engaged in bad faith practices in defending this lawsuit. In essence, Plaintiff seeks sanctions because Defendant disagrees with her position and is defending the suit. The record contains no evidence of bad faith on the part of Defendant or its counsel. Although this Order directs Defendant to provide better answers to certain interrogatories, the Court specifically finds that Defendant did answer the interrogatories in a manner authorized by the Federal Rules of Civil Procedure. This type of dispute is common in lawsuits and does not compel the Court to find that Defendant has acted in bad faith in responding to discovery. Accordingly, Plaintiff's request for sanctions is denied.

8. <u>Defendant's Additional Discovery Responses</u>

In her Reply Memorandum [DE 31, p. 6], Plaintiff asks the Court to compel better responses to a second round of discovery served by Plaintiff, which responses were received on January 7, 2019 (Request for Admissions) and January 14, 2019 (Second Request for Production of Documents). In that reply memoranda are strictly limited to rebuttal of matters raised in the opposition memorandum, the Court will not consider new issues raised in Plaintiff's Reply Memorandum. <u>See</u> L.R. 7.1(c), Local Rules for the United States District Court for the Southern District of Florida.

For the reasons set forth in detail above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Joint Motion to Comply with Discovery Requests & Compel Production of Documents & Answers to Interrogatories and Motion for Sanctions for Defendant's Intentional Discovery Abuses [DE 27] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's request to stay discovery and/or to continue the discovery deadline is **DENIED WITHOUT PREJUDICE** to raise with the District Court by separate motion. <u>In the event Plaintiff chooses to file such a motion, **it shall be limited to ten (10) pages in length**, double-spaced, with no excessive footnotes and no attachments.</u> Plaintiff's Motion to Compel is **GRANTED IN PART** as follows: Defendant shall provide better answers to interrogatory numbers 3, 4, 6, 7, 11, 14, 22, and 23 no later than February 4, 2019. Defendant shall produce the additional documents to Request for

Production numbers 59-61 no later than February 4, 2019. Plaintiff's Motion is **DENIED** in all other respects.

      **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 28th day of January 2019.

                                                  BARRY S. SELTZER
                                                  United States Magistrate Judge

Copies furnished counsel and pro se parties
via CM/ECF